IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 09-cv-01931-REB-BNB

WEST LB AG, NEW YORK BRANCH, a German commercial bank,

 Plaintiff,

v.

DT LAND DEVELOPMENT, LLC, a New Mexico limited liability company,
CV LAND & DEVELOPMENT COMPANY, LLC, a New Mexico limited liability company,
TERRY D. CORLIS, individually, and
DONALD R. VERNON, individually,

 Defendant.

---

## ORDER RE: DEFENDANTS' MOTION TO DISMISS
## PURSUANT TO F.R.CIV.P. 12(B)(1), (2), (3), AND (6)

---

**Blackburn, J.**

The matter before me is defendants' **Summary Judgment Under Rule 56 on the Issues of Jurisdiction, Venue, and Propriety of Declaratory Relief Complaint Pursuant to 12(b)(1)(2)(3)(6)/Motion To Dismiss Under Federal Rules of Civil Procedure, Memorandum, Statement of Uncontested Facts, on Behalf of the Defendants** [#14] filed October 5, 2009. I deny the motion without prejudice and defer to the United States District Court for the District of New Mexico for a determination as to which of these two parallel federal actions should proceed.

On August 30, 2007, defendants, Terry Corlis and Donald Vernon, executed on behalf of defendant CV Land & Development Company, LLC, a "Construction Loan Agreement" and Promissory Note in the principal amount of $3,421,894 with

Commercial Capital, Inc. ("CCI"), a Colorado corporation.  (*See* **Affidavit of Nancy Dennis in Support of Plaintiff Westlb AG, New York Branch's Response in Opposition to Defendants' Motion To Dismiss/Motion for Summary Judgment** App., Exhs. 1 & 2 [#30], filed January 11, 2010.)  Corlis and Vernon each signed personal guarantees on the note as well.  (*Id.*, Exhs. 3 & 4.)  A similar set of loan and related financing and security documents was executed in April, 2008, between CCI and defendant DT Land Development, LLC, relating to a second loan in the principal amount of $5,499.843.  Both loans were intended to fund construction projects in New Mexico.  CCI subsequently sold the funded portion of the loans to its affiliate, CCI Funding I, LLC ("CCIF").  Plaintiff extended credit to CCIF to enable it to purchase the funded loans from CCI.

CCI and CCIF subsequently declared defendants to be in default and ceased funding the loans.  Thereafter, in April, 2009, CCI and CCIF filed petitions seeking bankruptcy relief pursuant to Chapter 11 in the United States Bankruptcy Court for the District of Colorado.  Plaintiff is the largest secured creditor of CCIF, holding a disputed claim in the amount of $149,757,000.  On June 10, 2009, counsel for plaintiff received a letter from counsel for defendants threatening suit in New Mexico state court and including a draft complaint that accused plaintiff, as an undisclosed principal, of acting in various ways to increase the burden and costs on defendants of the various construction projects funded by the loans.  The complaint alleged claims for relief sounding in tort and contract under New Mexico state law.

Anticipating that it might well find itself subject to suit in New Mexico state court,

plaintiff filed the instant declaratory judgment action in this court, to which plaintiff appended defendants' draft state court complaint, seeking a declaration that plaintiff is not liable to defendants on the substantive allegations of their complaint. (*See* **Complaint for Declaratory Judgment** at 8-9 & Exh. A [#1], filed August 13, 2009.) Within a week defendants served plaintiff with a complaint and summons in a New Mexico state court lawsuit based on the draft complaint, which, in fact, had been filed June 12, 2009, two days after defendants submitted it to plaintiff. Plaintiff thereafter removed the action to the United States District Court for the District of New Mexico and filed a motion to transfer venue. The New Mexico court currently is holding that motion in abeyance pending my ruling on the instant motion.

However, I perceive an even more fundamental issue that must first be resolved before defendants' arguments can ripen into justiciable issues. Regardless of whether this court has subject matter and personal jurisdiction over defendants, whether venue is proper in this district, and whether plaintiff has failed to state claims on which relief may be granted, the fact remains that there are now two parallel federal lawsuits implicating the same set of facts, one in which the claims are pled substantively and the other in which plaintiff seeks a declaratory judgment negating the underlying premises of those substantive claims. These circumstances implicate the principles of judicial comity and efficiency embodied in the first-to-file rule. ***See Venture Corp. v. J.L. Healy Construction Co.***, 1988 WL 131354 at * 2 (D. Kan. Nov. 22, 1988).

"The first-to-file rule provides that 'the first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should

decline consideration of the action until the proceedings before the first court are terminated.'" **Keymark Enterprises, LLC v. Eagle Metal Products**, 2008 WL 4787590 at *3 (D. Colo. Oct. 30, 2008) (Blackburn, J.) (quoting **Cessna Aircraft Co. v. Brown**, 348 F.2d 689, 692 (10th Cir. 1965)). Despite this general principal, "[a] district court may decline to follow the first-to-file rule and dismiss a declaratory judgment action if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction." **Buzas Baseball, Inc. v. Board of Regents of University System of Georgia**, 1999 WL 682883 at *3 (10th Cir. Sept. 2, 1999); **see also MedSpring Group, Inc. v. Atlantic Healthcare Group, Inc.**, 2006 WL 581018 at *4 (D. Utah March 7, 2006).

It appears to this court that plaintiff's declaratory judgment action, which mirrors precisely the substantive claims of the New Mexico suit, may well have been a "preemptive strike" intended to secure the perceived benefits of a home forum. **See Nacogdoches Oil & Gas, L.L.C. v. Leading Solutions, Inc.**, 2007 WL 2402723 at *2-*3 (D. Kan. Aug. 17, 2007); **see also MedSpring Group**, 2006 WL 581018 at *4 ("A declaratory suit is immediately suspect as an improper anticipatory filing because a declaratory action, generally speaking, is essentially the prosecution of an affirmative defense."). Although plaintiff was not served with the state court lawsuit prior to the initiation of this action, there is no allegation or evidence on the record before me that defendants misled plaintiff regarding their intentions to file suit. **See Keymark Enterprises**, 2008 WL 4787590 at *3 (first-filed rule "carries substantially less weight in the analysis when the plaintiff in the first-filed action was able to file first only because it

4

misled the filer of the second-filed action about the plaintiff's intentions to file suit in order to gain the advantages of filing first").

Nevertheless, not only is the evidence on the issue under-developed here, but, more importantly, the determination is not properly mine to make in any event. Because the New Mexico case was filed prior to this action and now has been removed, defendants' lawsuit is the first filed. **See Shannon's Rainbow, LLC v. Supernova Media, Inc.**, 683 F.Supp.2d 1261, 1278 (D. Utah 2010) ("It is the first to file, not the first to serve that is controlling, in terms of chronology of the actions."); **MedSpring Group**, 2006 WL 581018 at *3 ("When a state action is removed to federal court, for first-to-file purposes, the state court filing date is the date used") (citation and internal quotation marks omitted)).[1] I therefore must defer to the New Mexico federal district court, which has the authority to decide in the first instance which of these two lawsuits should proceed. **Id.** ("Case law indicates that the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule, applies.") (quoting **Ontel Products, Inc. v. Project Strategies Corp.**, 899 F.Supp. 1144, 1150 n. 9 (S.D.N.Y.1995)) (internal quotation marks omitted); **see also Johnson v. Pfizer, Inc.**, 2004 WL 2898076 at *2 (D. Kan. Dec. 10, 2004) (same).

In the meantime, I will deny defendants' motion and others currently pending in this matter without prejudice to refile should subsequent events make resolution of the issues inherent to the motion necessary. In addition, because it seems unlikely that

---

[1] By contrast, if the action had not been removed, the first-filed rule would be inapplicable. **See Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.**, 434 F.Supp.2d 1051, 1061-62 (D. Kan. 2006).

there is sufficient time to brief and decide the first-to-file issue prior to the date currently set for bench trial in this matter, I will stay the case and vacate the currently scheduled trial preparation conference and bench trial pending further orders of the court. *See Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc*., 679 F.Supp.2d 1287, 1297 (D. Kan. 2010) (noting that "the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy.")

**THEREFORE, IT IS ORDERED** as follows:

1. That defendants' **Summary Judgment Under Rule 56 on the Issues of Jurisdiction, Venue, and Propriety of Declaratory Relief Complaint Pursuant to 12(b)(1)(2)(3)(6)/Motion To Dismiss Under Federal Rules of Civil Procedure, Memorandum, Statement of Uncontested Facts, on Behalf of the Defendants** [#14] filed October 5, 2009, is **DENIED WITHOUT PREJUDICE**;

2. That **Defendants Brief and Motion To Dismiss Complaint in Intervention Under FRCP 12(B)(1)(2)(3)(6) & (7)** [#99], filed June 15, 2010, is **DENIED WITHOUT PREJUDICE**;

3. That this action is **STAYED** pending determination by the United States District Court for the District of New Mexico regarding which of these two parallel federal court actions should proceed;

4. That the Trial Preparation Conference, currently scheduled for **Friday, August 20, 2010**, at **10:00 a.m.**, as well as the bench trial, currently scheduled to commence on **Monday, August 23, 2010**, are **VACATED** and **CONTINUED WITHOUT**

6

**DATE**, pending further order of the court; and

  5.  That the parties **SHALL FILE** a status report with the court every **sixty (60) days** from the date of this order, informing the court as to the progress of the New Mexico case, and **SHALL NOTIFY** the court within **eleven (11) days** of the New Mexico court's ultimate determination of the first-to-file issue, including copies of any pertinent orders.

  Dated June 25, 2010, at Denver, Colorado.

                **BY THE COURT:**

                */s/ Robert E. Blackburn*
                Robert E. Blackburn
                United States District Judge