**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-01931-REB-BNB

WEST LB AG, NEW YORK BRANCH, a German commercial bank,

      Plaintiff,

and

JANICE A. STEINLE, ESQ., Chapter 11 Trustee for the bankruptcy estate of CCI
FUNDING I, LLC, a Delaware limited liability company,

      Plaintiff in Intervention,

v.

DT LAND DEVELOPMENT, LLC, a New Mexico limited liability company,
CV LAND & DEVELOPMENT COMPANY, LLC, a New Mexico limited liability company,
TERRY D. CORLIS, individually, and
DONALD R. VERNON, individually,

      Defendants.

---

## ORDER

---

**Blackburn, J.**

The matters before me are (1) **Defendants** (sic) **Brief And Motion To Dismiss
Complaint in Intervention Under FRCP 12(b)(1)(2)(3)(6) and (7)** [#97] filed June 14,
2010; and (2) the **Motion To Sever Trustee's Claims, Reinstate Trustee's Claims to
Trial Calendar, and Lift Stay of Trustee's Claims, and Request for Expedited
Consideration** [#102] filed July 1, 2010.  I grant the motion to dismiss and deny the
trustee's motion as moot.

In connection with their motion, defendants challenge, *inter alia*, the exercise of
personal jurisdiction over them in this forum.  As the party seeking to invoke this court's

jurisdiction, the trustee as intervenor bears the burden of establishing that subject matter jurisdiction exists. **See Henry v. Office of Thrift Supervision**, 43 F.3d 507, 512 (10th Cir. 1994); **Fritz v. Colorado**, 223 F.Supp.2d 1197, 1199 (D. Colo. 2002). Yet the trustee has failed to even respond to defendants' motion, much less attempt to prove that defendants are subject to personal jurisdiction in this forum.[1] She, therefore, has failed to substantiate at least that this court has personal jurisdiction over these defendants.

Moreover, I am not persuaded that the trustee's filing of her claims in this forum in the first instance, without prior submission to the bankruptcy court, is proper. She acknowledges that the ordinary course is to commence a collection action in the bankruptcy court. While this court always is appreciative of efforts to increase efficiency and conserve resources, the mandates of the local rules of this district cannot be ignored in service of those goals. If this action had been filed directly by the trustee in this court, it would have been automatically referred to the bankruptcy court pursuant to Local Rule 84.1A., only subsequently subject to withdrawal on proper motion to the bankruptcy court pursuant to Local Rule 84.1C. The trustee provides no authority for circumnavigating this well-established procedure with respect to claims she herself insists are "related to" the bankruptcy proceeding. **See D.C.COLO.LCivR** 84.1A.

---

[1] In her own motion to lift the stay and proceed with her claims in this court, the trustee states that the commercial loan documents and personal guarantees defendants executed consent to jurisdiction in the state district courts of Colorado. Nevertheless, she fails to include a citation to any actual evidence of this assertion, nor does she provide the court with any legal authority to substantiate how defendants' alleged consent to jurisdiction of the *state* courts of Colorado might translate into consent to the jurisdiction of this *federal* district court. The court is neither required nor inclined to either make legal arguments for a party or to hunt down legal authority to support its claims.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Defendants** (sic) **Brief And Motion To Dismiss Complaint in Intervention Under FRCP 12(b)(1)(2)(3)(6) and (7)** [#97] filed June 14, 2010, is **GRANTED**;

2.  That the **Motion To Sever Trustee's Claims, Reinstate Trustee's Claims to Trial Calendar, and Lift Stay of Trustee's Claims, and Request for Expedited Consideration** [#102] filed July 1, 2010, is **DENIED AS MOOT**;

3.  That the **Complaint by Plaintiff in Intervention Janice A Steinle, Chapter 11 Trustee for the Bankruptcy Estate of CCI Funding I, LLC** [#61] filed March 29, 2010, as well as all claims asserted therein, are **DISMISSED WITHOUT PREJUDICE**; and

4.  That Janice A Steinle, Esq., Chapter 11 Trustee for the bankruptcy estate of CCI Funding I, LLC, a Delaware limited liability company, is **DROPPED** as a named party to this action, and the case caption is **AMENDED** accordingly.

Dated July 21, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackbum
United States District Judge